IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| HORTENCIA FLORES,<br>Plaintiff, | §<br>§<br>§<br>§ | |
| v. | §<br>§ | Civil Action No.  4:14-CV-362-BL |
| CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br>Defendant. | §<br>§<br>§<br>§<br>§<br>§ | Assigned to U.S. Magistrate Judge |

## MEMORANDUM OPINION

Pursuant to 42 U.S.C. § 405(g), Plaintiff Hortencia Flores (Plaintiff) seeks judicial review of the decision by the Commissioner of Social Security (Commissioner) denying her application for disability insurance benefits (DIB) and supplemental security income (SSI) under Titles II and XVI of the Social Security Act (Act). Both parties consented to proceed before a United States Magistrate Judge and the U.S. District Judge ordered the case be reassigned to this Court pursuant to 28 U.S.C. § 636(c). (Docs. 15, 16). After considering all the pleadings, briefs, and administrative record, this Court will affirm the decision of the Commissioner.

## I. STATEMENT OF THE CASE

Plaintiff originally filed for DIB and SSI February 17, 2011. Tr. 152. Her application was denied June 15, 2011, and then again upon reconsideration October 14, 2011. Tr. 80, 88. Plaintiff requested a hearing, which was held before an Administrative Law Judge (ALJ) on July 24, 2012. Tr. 48–75. On November 30, 2012, the ALJ issued his decision, finding: Plaintiff had not engaged in substantial gainful activity since her alleged onset date of February 15, 2011; Plaintiff had the following severe impairments—history of bladder, vaginal, and rectal prolapse requiring surgeries,

diabetes mellitus type II, ganglion mass of the left thumb requiring surgical excision and release, chronic pain of the right wrist, and depression; Plaintiff did not have an impairment or combination of impairments that met or equaled a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1; and Plaintiff retained the residual functional capacity (RFC) "to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b) except she requires a sit/stand option for at least a few minutes on an hourly basis. She can occasionally perform postural activities, and she can frequently perform fingering and handling. She can perform simple, unskilled job tasks." Tr. 38. Lastly, the ALJ found that Plaintiff was capable of performing some of her past relevant work. Tr. 42. Accordingly, the ALJ found Plaintiff was not disabled under the Act and denied her claim. Plaintiff appealed the ALJ's decision to the Appeals Council, which denied review January 28, 2014. Tr. 9–15. Therefore, the ALJ's decision is the Commissioner's final decision and is properly before the Court for review. *See Higginbotham v. Barnhart*, 405 F.3d 332, 334 (5th Cir. 2005) (stating Commissioner's final decision "includes the Appeals Council's denial of [a claimant's] request for review").

## II. FACTUAL BACKGROUND

According to her complaint and testimony at the administrative hearing, Plaintiff was born in 1955 and was fifty-eight years old at the time of the administrative hearing. Having gone to school up through the sixth grade in Mexico, Plaintiff speaks no English; she testified through an interpreter at the administrative hearing. Though she last worked in February 2011 for Tyson foods lifting and sorting meat products in a large freezer, Plaintiff also had past relevant work as a jewelry cleaner at a pawn shop, a screen washer, and an assembler of hospital supplies. Tr. 53–54, 67–68. She claimed she stopped working in the meat freezer for a combination of reasons: the cold would give her bronchitis and cause her joints to ache, and the heavy lifting would cause her bladder to

"fall" or "drop." Plaintiff claims her impairments render her disabled under the Act.

## III. STANDARD OF REVIEW

A person is disabled if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 1382c(a)(3)(A), 423(d)(1)(A) (2012). "'Substantial gainful activity' is work activity involving significant physical or mental abilities for pay or profit." *Masterson v. Barnhart*, 309 F.3d 267, 271 n.2 (5th Cir. 2002); 20 C.F.R. § 404.1572(a)-(b) (2013).

To evaluate a disability claim, the Commissioner follows "a five-step sequential analysis to determine whether (1) the claimant is presently working; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the social security regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment prevents the claimant from doing any other substantial gainful activity." *Audler v. Astrue*, 501 F.3d 446, 447–48 (5th Cir. 2007); *see also* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). "The claimant bears the burden of showing [he] is disabled through the first four steps of the analysis; on the fifth, the Commissioner must show that there is other substantial work in the national economy that the claimant can perform." *Audler*, 501 F.3d at 448. Before proceeding to steps 4 and 5, the Commissioner must assess a claimant's RFC. *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005). RFC is defined as "the most [a claimant] can still do despite [the claimant's] limitations." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).

This Court's review of the Commissioner's decision to deny disability benefits is limited to an inquiry into whether substantial evidence supports the Commissioner's findings, and whether the Commissioner applied the proper legal standards. *Waters v. Barnhart*, 276 F.3d 716, 718 (5th

Cir. 2002) (citing *Estate of Morris v. Shalala*, 207 F.3d 744, 745 (5th Cir. 2000)). Substantial

evidence "is more than a mere scintilla and less than a preponderance" and includes "such relevant

evidence as a reasonable mind might accept as adequate to support a conclusion." *Masterson*, 309

F.3d at 272; *Watson v. Barnhart*, 288 F.3d 212, 215 (5th Cir. 2002). If substantial evidence

supports the Commissioner's findings, then the findings are conclusive and the Court must affirm

the Commissioner's decision. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 390

(1971); *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000). The Court may not reweigh the

evidence, try the issues *de novo*, or substitute its judgment for the Commissioner's, even if the

Court believes that the evidence weighs against the Commissioner's decision. *Masterson*, 309 F.3d

at 272. Moreover, "'[c]onflicts in the evidence are for the Commissioner and not the courts to

resolve.'" *Id.* (quoting *Newton*, 209 F.3d at 452).

## IV. DISCUSSION

Plaintiff raises two issues before this Court. First, she claims the ALJ failed to consider and

make severity findings at step two regarding all of her impairments. Second, she claims the

Appeals Council failed to consider material evidence newly submitted after the ALJ's decision

was rendered.

### 1. Step Two Severity

At step two, the ALJ must determine whether the claimant has a medically severe

impairment or combination of impairments. *Bowen v. Yuckert*, 482 U.S. 137, 140–41 (1991). "An

impairment can be considered as not severe only if it is a slight abnormality having such minimal

effect on the individual that it would not be expected to interfere with the individual's ability to

work, irrespective of age, education or work experience." *Stone v. Heckler*, 752 F.2d 1099, 1101

(5th Cir. 1985). "The *suffering* of some impairment does not establish disability; a claimant is

disabled only if she is incapable of engaging in any substantial gainful activity." *Anthony v. Sullivan*, 954 F.2d 289, 293 (5th Cir. 1992) (internal quotation marks omitted) (emphasis added). It is the claimant's burden to show she cannot engage in substantial gainful activity *because* of her impairment. *Id.* (citing *Fraga v. Bowen*, 810 F.2d 1296, 1301 (5th Cir. 1987)). To this end, a claimant's testimony alone as to her impairments is not sufficient to establish disability; rather, a claimant must come forward with "objective medical evidence." *Hames v. Heckler*, 707 F.2d 162, 166 (5th Cir. 1983).

The ALJ found at step two that Plaintiff had "the following severe impairments: history of bladder, vaginal, and rectal prolapsed (*sic*) requiring surgeries, diabetes mellitus type II, left (*sic*) ganglion mass of the left thumb requiring surgical excision and release, chronic pain of the right wrist, and depression." Tr. 36. Plaintiff claims the ALJ should have also found as severe impairments: "incontinence, arthralgias involving her hips and back, arthritis, diabetic neuropathy, and chronic breathing problems." Pl.'s Br. 3. In support of this additional claim, Plaintiff states the following: "Plaintiff's subjective complaints are supported by social security intake interviewer's observations and medical evidence of record." Pl.'s Br. at 4. Plaintiff then provides approximately two dozen citations to the record as authority for such assertion. *Id.* A closer look at each of these two dozen cites, however, reveals that only some support Plaintiff's claim. Many cites are to Plaintiff's subjective complaints, which the ALJ must consider, but which alone do not establish disability. On the other hand, many of these cites do contain objective medical evidence, including physician opinion, that Plaintiff suffers from certain conditions. But again the conditions are not exactly what Plaintiff states they are.

For example, Plaintiff contends she suffered from "chronic breathing problems." *See* Pl.'s Br. 3. She points to medical records which indicate Plaintiff had a cough or other "abnormal lung

5

findings." (Tr. 259, 280, 392, 394). But these same records, and many more besides, explicitly find

that Plaintiff did not suffer from *chronic* cough, difficulty breathing or wheezing, and that Plaintiff

had normal lung function (Tr. 244, 248, 255, 259, 262, 280, 481, 669, 671). That is, the evidence

Plaintiff uses to show she had chronic breathing problems more accurately shows she did not have

chronic breathing problems. Even assuming, *arguendo*, that Plaintiff did suffer from a chronic

breathing problem, she points to no objective medical evidence that shows she cannot work

*because* of such breathing problem. She simply states, "Had the ALJ properly considered

Plaintiff's . . . chronic breathing problems, the ALJ would likely have found Plaintiff significantly

more limited." Pl.'s Br. 5. That is, Plaintiff points to no objective physician opinion concluding

any alleged breathing problems were severe under the regulations.[1]

The story is the same when considering Plaintiff's other proposed impairments. Plaintiff

asserts she suffers from severe "arthralgias involving her hips and back." Pl.'s Br. 3. She points to

one diagnosis of arthralgia of the hip and hand. Tr. 305. Even assuming this lone diagnosis amid

more than five years of medical records means Plaintiff's arthralgia is severe, Plaintiff does not

point to evidence showing she cannot work because of this alleged impairment. *Anthony*, 954 F.2d

at 293. Regarding Plaintiff's claimed arthritis, she points to instances in the record which indicate

she has arthritis, but again does not show either that the arthritis is severe, or that because of

arthritis she cannot work. *See* Tr. 305, 631, 670, 672, 675; *Stone*, 752 F.2d at 1101; *Anthony*, 954

F.2d at 293. In fact, without making any medical determination, the Court notes that the objective

medical evidence as to Plaintiff's arthritis seems to indicate that it was well controlled with

medication. *See* Tr. 670 (noting the physician's plan as to Plaintiff's osteoarthritis was exclusively

---

[1] The lone reference to physician opinion showing that Plaintiff's impairments interfere with her ability to work is to a letter written to the Social Security Administration by Edmundo Reverton, M.D. *See* Pl.'s Br. 5; Tr. 307. In this letter, Dr. Reverton speaks exclusively of Plaintiff's bladder and bowel difficulties. However, as previously indicated, the ALJ found Plaintiff's bladder and bowel complications to be a severe impairment. Tr. 36.

to "continue meds as directed"); Tr. 672 (same). In any event, Plaintiff does not show her alleged arthritis was severe or that it caused her inability to work. *See Stone*, 752 F.2d at 1101; *Anthony*, 954 F.2d at 293.

As to Plaintiff's claimed diabetic neuropathy, again she points to one diagnosis in the record by Andadha Tavarekere, M.D. *See* Pl.'s Br. 3; Tr. 401. Like before, neither does Dr. Tavarekere opine that Plaintiff's diabetic neuropathy is severe, nor does Plaintiff show that she cannot work because of diabetic neuropathy. *Stone*, 752 F.2d at 1101; *Anthony*, 954 F.2d at 293.

Finally, in regards to incontinence, Plaintiff points to at least three diagnoses or records of treatment for such condition. Tr. 280, 305, 483. Additionally, Plaintiff points to many instances where she complained of incontinence. Under *Anthony v. Sullivan*, the presence of an impairment is distinct from the severity of that impairment. Here, Plaintiff does no more than point out the presence of incontinence. She supplies no objective medical evidence to say specifically her incontinence is severe under the regulations. Furthermore, the ALJ found Plaintiff had conditions of the bladder and rectum that were severe. Plaintiff does not explain how an additional finding of severe bladder or bowel incontinence would impact the ultimate outcome of her case.

In sum, Plaintiff claims the ALJ failed to find she had several severe impairments. However, Plaintiff points to no objective medical evidence to show these impairments were severe. And Plaintiff fails to show that these alleged impairments rendered her unable to work. *See Stone*, 752 F.2d at 1101; *Anthony*, 954 F.2d at 293; *Hames*, 707 F.2d at 166. Therefore, Plaintiff's argument on this point fails. Substantial evidence supports the ALJ's severity conclusions.

**2. New Evidence**

Plaintiff claims the Appeals Council failed to consider new evidence submitted to it after the ALJ issued a decision. A social security claimant is not prohibited from submitting medical

evidence even after the ALJ has issued a written decision. *See, e.g., Carry v. Heckler*, 750 F.2d

479 (5th Cir. 1985). A claimant can appeal the ALJ's decision to the Appeals Council, which

> will review a case if . . . new and material evidence is submitted[.] [T]he Appeals
> Council shall consider the additional evidence only where it relates to the period on
> or before the date of the [ALJ] hearing decision. The Appeals Council shall evaluate
> the entire record including the new and material evidence submitted if it relates to
> the period on or before the date of the administrative law judge hearing decision. It
> will then review the case if it finds that the administrative law judge's action,
> findings, or conclusion is contrary to the weight of the evidence currently of record.

20 C.F.R. § 404.970. "For new evidence to be material, there must exist the reasonable possibility

that it would have changed the Secretary's determination." *Latham v. Shalala*, 36 F.3d 482, 483

(5th Cir. 1994). Put another way, "implicit in the materiality requirement is that the new evidence

relate to the time period for which benefits were denied, and that it not concern evidence of a later-

acquired disability or of the subsequent deterioration of the previously non-disabling condition."

*Hunter v. Astrue*, 283 F.App'x 261, 262 (5th Cir. 2008) (unpublished) (*per curiam*) (quoting

*Johnson v. Heckler*, 767 F.2d 180, 183 (5th Cir. 1985).

After the ALJ issued his decision denying benefits November 30, 2012, Plaintiff obtained

a Physical RFC Questionnaire filled out by Kin Wong, D.O., February 7, 2013. Tr. 18–21. Plaintiff

submitted Dr. Wong's RFC Questionnaire to the Appeals Council, which considered the new

evidence and issued its denial of benefits January 28, 2014. Tr. 9–13. Plaintiff argues that the

Appeals Council failed to properly consider Dr. Wong's RFC Questionnaire. Pl.'s Br. 6–9.

Plaintiff's main contention is that the Appeals Council incorrectly found Dr. Wong's assessment

applied to a time period after the relevant period of disability. Plaintiff alleges despite being

completed after the relevant period, the assessment "addresses medical conditions that existed at

the time of Plaintiff's onset . . . ." Pl.'s Br. 7.

First, to the extent Plaintiff alleges the Appeals Council failed to consider Dr. Wong's

assessment, such allegation is baseless. The Appeals Council stated:

> We also looked at treatment notes from Diamond Hill Community Health Center dated February 5, 2013 (2 pages); and an assessment from Kin Wong, D.O., dated February 7, 2013 (2 pages). The Administrative Law Judge decided your case through November 30, 2012. This new information is about a later time. Therefore, it does not affect the decision about whether you were disabled beginning on or before November 30, 2012.

Tr. 10.

Second, Plaintiff can find no support for her temporal conclusions. There is no indication in Dr. Wong's assessment that it was completed with the past in mind. Nowhere does Dr. Wong give any hint that his assessment was not made concerning the patient at the time of the assessment. That Dr. Wong may have addressed conditions from which Plaintiff suffered prior to the assessment does not mean that Dr. Wong was making an assessment of that condition in the past. Absent some indication by the physician that his assessment concerned his patient's past, the Court will not so assume.

As the Appeals Council stated, Dr. Wong's assessment is not irrelevant. The findings he made of either a worsening condition which was previously not disabling, or a new condition which itself may be disabling, are apposite to a social security disability determination. However, that determination is not the instant determination. The Appeals Council explicitly addressed this circumstance, advising: "If you want us to consider whether you were disabled after November 30, 2012, you need to apply again. The new information you submitted is available in your electronic file for you to use in your new claim." Tr. 10.

Agreeing with the Commissioner's suggestion, the Court finds Dr. Wong's assessment does not meet the materiality requirement that the new evidence "not concern evidence of later-acquired disability or of the subsequent deterioration of the previously non-disabling condition." Def.'s Br. 9; *see Hunter*, 283 F.App'x at 262. Dr. Wong completed the assessment after the

relevant period, and gave not a single indication that his opinions were not applicable to the patient immediately in front of him at the time. Absent such indication, the Court declines to speculate Dr. Wong's temporal intentions. It appears, then, that the Appeals Council properly considered Dr. Wong's assessment and properly gave it no weight in the instant determination.

Under the regulations and relevant case law, the Appeals Council properly denied review, none of the conditions for review having been satisfied. *See* 20 C.F.R. § 404.970. Plaintiff's argument on this point must fail.

## V. CONCLUSION

In sum, neither of Plaintiff's points of error persuades. Considering the entire record, the Court concludes substantial evidence supports the determinations of the Commissioner and proper legal standards were applied. *Waters*, 276 F.3d at 718. Therefore, the Commissioner's decision is conclusive and must be upheld. *Paul v. Shalala*, 29 F.3d 208, 210 (5th Cir. 1994).

Considering the foregoing, it is **ORDERED** that the decision of the Commissioner is **AFFIRMED** and Plaintiff's complaint is **DISMISSED**.

**SO ORDERED**.

Dated December __*18*__, 2015.

E. SCOTT FROST
UNITED STATES MAGISTRATE JUDGE